UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LENA J.,<br><br>      Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendant. | CASE NO. C18-6007-RBL-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Lena J. seeks review of the denial of her Supplemental Security Income and Disability Insurance Benefits applications. She argues that the ALJ and the Appeals Council erred by failing to admit probative evidence, and that the ALJ improperly rejected the medical expert's opinion. Dkt. 10. The Court recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 54 years old, has a high school education, and has worked as a pastry cook and waitress. Tr. 59, 97, 293. In October 2015, she applied for benefits, alleging disability as of August 2015. Tr. 293, 300. After her applications were denied initially and on reconsideration, the ALJ conducted a hearing on January 30, 2018, and a supplemental hearing on June 7, 2018. Tr. 15. On October 4, 2018, the ALJ issued a decision finding plaintiff not

disabled. Tr. 15-28. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1.

**THE ALJ'S DECISION**

Utilizing the five-step disability evaluation process,[1] the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date; she had the following severe impairments: degenerative disc disease, methamphetamine abuse in current remission, and mental health disorders variously diagnosed as depressive, anxiety, and panic disorders; and these impairments did not meet or equal the requirements of a listed impairment.[2] Tr. 17-19. The ALJ found that plaintiff had the residual functional capacity to perform light work with postural, reaching, and environmental limitations, she can understand, remember, and carry out short and simple instructions, and she should not have transactional work with the general public. Tr. 20. The ALJ found that plaintiff could not perform her past relevant work, but, as there were jobs that exist in significant numbers in the national economy that plaintiff could perform, she was not disabled. Tr. 26-28.

**DISCUSSION**

**A.  Evidence submitted after deadline**

Plaintiff argues that the ALJ erred by declining to admit evidence she submitted after the deadline for notifying the ALJ of the existence of evidence. Dkt. 10 at 3. She argues in the alternative that, because the Appeals Council considered the evidence, the court should review it as new and material evidence submitted to the Appeals Council. *Id.* at 6. The court finds that because the Appeals Council made the evidence part of the record and considered it in evaluating

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

REPORT AND RECOMMENDATION - 2

plaintiff's request for review, the court should evaluate it as new evidence submitted to the Appeals Council. Under that evaluation, the court finds that the ALJ's decision is no longer supported by substantial evidence when the new evidence is considered.

Social Security regulations provide that a claimant must inform the ALJ about or submit any written evidence no later than 5 business days before the date of the hearing (the "five-day rule"). 20 C.F.R. §§ 404.935(a), 416.935(a). If a claimant does not comply with this requirement, the ALJ "may decline to consider or obtain the evidence," unless certain exceptions apply. *Id.* Those exceptions include an "unusual, unexpected, or unavoidable circumstance beyond your control" that prevented the claimant from informing the ALJ about or submitting the evidence earlier. 20 C.F.R. §§ 404.935(b)(3), 416.1435(b)(3). One example of such a circumstance is where the claimant has "actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing." 20 C.F.R. §§ 404.935(b)(3)(iv), 416.1435(b)(3)(iv). If the claimant has missed the deadline because of one of the listed exceptions, the ALJ "will accept the evidence" if he or she has not yet issued the decision. 20 C.F.R. §§ 404.935(b), 416.1435(b).

The Appeals Council will review a case if, among other reasons, it receives additional evidence that is new and material and that relates to the period on or before the date of the ALJ decision, and there is a reasonable probability that the additional evidence would change the outcome of the case. 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). However, the Appeals Council will consider additional evidence when deciding whether to review a case only if the claimant shows good cause for not meeting the five-day rule because of one of the reasons described in 20 C.F.R. §§ 404.935(b) and 416.1435(b), including that the claimant actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business

REPORT AND RECOMMENDATION - 3

days prior to the hearing. 20 C.F.R. §§ 404.970(b), 416.1470(b). If the claimant submits new evidence and the Appeals Council does not find that the claimant had good cause for not meeting the five-day rule, the Appeals Council will send the claimant a notice that explains why it did not accept the additional evidence. 20 C.F.R. §§404.970(c), 416.1470(c).

When the Appeals Council considers new evidence in declining review, that evidence becomes part of the administrative record, which this court must consider in determining whether the ALJ's decision is supported by substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012).

Plaintiff underwent a psychological examination with David Morgan, Ph.D., on May 28, 2018, at the direction of the Washington State Department of Social and Health Services. Tr. 35-46. Dr. Morgan opined that plaintiff had marked limitations in numerous functional areas, including the ability to perform activities within a schedule, maintain regular attendance, learn new tasks, adapt to changes in a routine work setting, make simple work-related decisions, and maintain appropriate behavior in a work setting; he rated her overall level of impairment as marked. Tr. 38-39. He opined that plaintiff's impairments were not primarily the result of a substance use disorder, and noted that plaintiff reported a long history of methamphetamine abuse but she had been clean and sober for over one year. Tr. 37, 39.

As noted, plaintiff underwent this examination on May 28, 2018. Three days later, on May 31, 2018, plaintiff's counsel submitted to the ALJ a list of outstanding evidence that had been requested but not received; this list did not include Dr. Morgan's report.[3] Tr. 441. Counsel submitted Dr. Morgan's report to the ALJ on June 5, 2018, two days before the June 7, 2018

---

[3] Counsel submits that plaintiff had not informed her attorney of this examination until after the list had been submitted. Dkt. 12 at 1 n.1.

REPORT AND RECOMMENDATION - 4

supplemental hearing. Tr. 45. At the hearing, the ALJ acknowledged receipt of Dr. Morgan's report but declined to admit it as untimely under the five-day rule. Tr. 84-85. In the decision, the ALJ stated that he declined to admit the evidence because the requirements of 20 C.F.R. §§ 404.935(b) and 416.935(b) were not met. Tr. 15.

The Appeals Council found that Dr. Morgan's report "does not show a reasonable probability that it would change the outcome of the decision." Tr. 2. The Appeals Council also stated that it "did not consider and exhibit this evidence." *Id.* The Appeals Council made no findings as to whether the requirements of §§ 404.935 and 416.1435 were met or otherwise explain how it evaluated this evidence.

Plaintiff argues that she met the "actively and diligently sought" exception to the five-day rule, as evidenced by the fact that she submitted the report only 8 days after the date of the examination. Dkt. 10 at 5. Plaintiff also asserts that the "mandatory language" of 20 C.F.R. §§ 404.935(b) and 416.1435(b), which states that the ALJ "will accept the evidence" if one of the exceptions applies, means that the ALJ did not have discretion to decline to admit the evidence. Dkt. 10 at 5. She submits that, at a minimum, the ALJ erred by failing to at least make findings that showed he considered the exceptions to the five day rule. *Id.*

Plaintiff argues in the alternative that the Appeals Council did not find that the exceptions of 20 C.F.R. §§ 404.935(b) and 416.1435(b) were not met, and, instead, expressly found that the evidence did not show a reasonable probability that it would change the outcome of the decision. Dkt. 10 at 6. She asserts that Dr. Morgan's report supports a finding that she has limitations beyond those found by the ALJ and that those limitations are not the result of substance use. *Id.*

The Appeals Council made contradictory statements about Dr. Morgan's report—stating both that it did not consider the report, and that the report did not show a reasonable probability

REPORT AND RECOMMENDATION - 5

that it would change the outcome of the decision. These statements are mutually exclusive and cannot both be true. Given that the Appeals Council did not make findings explaining why it did not accept the evidence as 20 C.F.R. §§ 404.970(b) and 416.1470(b) require, and that it made a finding on the substance of the report, the court can only conclude that the Appeals Council considered the report and it is therefore part of the record that this court must consider in determining whether substantial evidence supports the ALJ's decision. *Brewes*, 682 F.3d at 1159-60.

Turning to that question, the court finds that Dr. Morgan's opinion addresses the core issues in this case: the severity of plaintiff's mental limitations and the effect of drug and alcohol abuse on those limitations. Dr. Morgan had the opportunity to examine plaintiff in forming his opinion, making his opinion more persuasive than the opinion of a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). There is only one other opinion from an examining doctor in the record, Dr. Ryan's March 2016 opinion. Tr. 619-26. In that examination, plaintiff reported recent relapses in drug use. Tr. 624. But plaintiff reported over a year of sobriety to Dr. Morgan. Tr. 37. Dr. Morgan was therefore able to opine on an issue that no other examining doctor did.

In addition, as more fully addressed below, the medical expert, Dr. Strahl, testified that there was not a six-month period in the record where plaintiff was not using methamphetamine that he could use to evaluate her functioning without substance use. Tr. 58. Dr. Strahl stated that for this reason, he based his opinion on his experience, training, and education about the effects of methamphetamine use on functioning. *Id.* But Dr. Morgan's opinion provides the exact type of evidence Dr. Strahl testified was not available.

Dr. Morgan's opinion is not merely cumulative of other doctors' opinions and addresses the core issues in this case. When considered along with the evidence before the ALJ, Dr. Morgan's opinion leaves the ALJ's decision unsupported by substantial evidence. Accordingly, the court recommends that this case be remand for further administrative proceedings.

### B. Medical expert testimony

Plaintiff argues that the ALJ erred in evaluating the testimony of the medical expert, Nathan Strahl, M.D., Ph.D. Dkt. 10 at 7. The ALJ must give a valid reason, supported by substantial evidence, for rejecting a medical opinion. *See Lester*, 81 F.3d at 830-31.

Dr. Strahl testified that there was no objective evidence to support plaintiff's claims of traumatic brain injury due to a fall, but her established mental impairments include depressive disorder, post-traumatic stress disorder, and substance abuse. Tr. 52-52. He opined that she would easily meet the B criteria[4] and be unable to work while using methamphetamine. Tr. 53. He noted the Social Security disability program's requirement to consider a claimant's functioning without substance use[5] and discussed the fact that plaintiff's treating providers continued to diagnose methamphetamine dependence as late as September 2016. *Id.* He reiterated his opinion that she would meet the B criteria under listing 12.04 and possibly 12.06,

---

[4] To meet or equal the listing for a mental impairment, a claimant who meets the diagnostic criteria for a mental disorder must also meet the paragraph B criteria. To meet the paragraph B criteria, a claimant must have an extreme limitation of one, or marked limitation of two, of the following areas of mental functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. 20 C.F.R. pt. 404, subpt. P app. 1, § 12.00(E).

[5] When substance use is present, the ALJ must follow a specific analysis to determine whether the substance use is a contributing factor material to the determination of disability. *See* 20 C.F.R. §§ 404.1535, 416.935. First, the ALJ must complete the five-step analysis without separating out the effects of drug or alcohol abuse. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). If the ALJ finds the claimant is not disabled, the analysis ends. But if the ALJ finds the claimant disabled and there is medical evidence of drug or alcohol abuse, the ALJ must then determine if the claimant would still be disabled if she stopped using alcohol or drugs. *Id.*

but "without methamphetamine, they would not be impairing for her ability to function at work." Tr. 54. He concluded: "I can give you the B criteria with and without substances, or leave it here, whatever you want me to do, give you a mental RFC, whatever direction you want me to turn." Tr. 54. The ALJ did not inquire as to Dr. Strahl's rating of the B criteria or plaintiff's RFC with or without considering substance use.

Plaintiff's counsel asked Dr. Strahl whether there was a period of time in the record where plaintiff was not using methamphetamine that he could use to evaluate her functioning without substance use, or if he was "more speculating based on how serious meth is." Tr. 58. Dr. Strahl stated that he could not state clearly that there was a six-month period where he could look at the records and evaluate her functioning based on that. *Id.* Rather, he was basing his opinion on his experience, training, and education that methamphetamine "would be exactly what I see her doing here, and if I subtract that out, I would expect, expect different." Tr. 58.

The ALJ gave little weight to Dr. Strahl's opinion, finding that while he is a psychiatrist with experience in vocational issues involved in the Social Security disability program, he conclusorily asserted that plaintiff would meet the paragraph B criteria for the mental listings without applying the psychiatric review technique set forth in Section 12.00F/2. Tr. 25-26. The ALJ found that Dr. Strahl obliquely indicated that plaintiff's hospitalizations and functionality would impede her ability to work, but he provided no opinion on plaintiff's ability to understand, remember, or apply information; interact with others; or maintain concentration, persistence, or pace. Tr. 26. The ALJ therefore assigned more weight to the state agency mental consultants. *Id.*

Plaintiff argues that the ALJ's reasoning is inadequate because Dr. Strahl testified that he could provide specific B criteria both with and without substances, but the ALJ failed to ask for them. Dkt. 10 at 8. The court agrees. Dr. Strahl stated that he was prepared to provide the very

information the ALJ found lacking in his opinion. His testimony demonstrates that he performed the psychiatric review technique and did not merely make a conclusory assertion. The ALJ's finding to the contrary is not supported by substantial evidence. The ALJ erred in rejecting Dr. Strahl's opinion.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate all the evidence, including Dr. Morgan's opinion and Dr. Strahl's testimony, further develop the administrative record and take additional expert testimony as needed, and redo the five-step disability evaluation process as necessary and appropriate to make a new decision in this case.

A proposed order accompanies this Report and Recommendation. Any objection to this Report and Recommendation must be filed and served no later than **July 15, 2019**. If no objections are filed, the Clerk shall note the matter for as ready for the Court's consideration on that date. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed ten pages. The failure to timely object may affect the right to appeal.

DATED this 1st day of July, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge